## FRED L. MATHEWSON *vs.* PHILIP O. HAWKINS, Town Treasurer of the Town of Burrillville.

W. contracted in writing for the construction of a new bridge in place of an old one in the town of B., signing the contract "W. Surveyor of Bridges for the town of B." No such officer is known to the statutes of this State, but the town of B. had for some years annually elected a surveyor of bridges though without ever having prescribed his powers or duties. W., who had been elected to that position in town meeting, had kept certain bridges in repair, and debts contracted by him for labor and material in repairing such bridges had been paid by order of the town council out of the town treasury. Neither the town nor the town council had expressly authorized W. to make the contract or ratified the same, or made any appropriation either for repairing the old bridge or for building a new one, although while the town council was in session there had been an informal talk with the members about the condition of the old bridge, and W. was told to fix it:

*Held*, that, assuming W. to have had the powers of a surveyor of highways the town was not liable on the contract.

A surveyor of highways for a town has no authority by virtue of his office to bind the town by a contract for the construction of a new bridge; nor has the town council power to authorize the making of such a contract in behalf of the town.

DEFENDANT'S petition for a new trial.

*March* 11, 1895. TILLINGHAST, J. This is an action of *assumpsit* based on the following contract in writing, viz:

"This agreement made and entered into this 20th day of September A. D. 1890 between Fred L. Mathewson of the town of Burrillville in the County of Providence and State of Rhode Island and Otis W. Wood, Bridge Surveyor of the town of Burrillville, County and State aforesaid. Witnesseth,—That the said Mathewson agrees to furnish and lay the stone for three piers for the Harrisville bridge, so called, near the mill of Wm. Tinkham in Harrisville according to plans and specifications hereto annexed and to have said piers completed within a reasonable time after the removal of old bridge. It is further agreed that the said Otis W. Wood as Bridge Surveyor of the town of Burrillville will pay to the said Fred L. Mathewson the sum of Three Hundred Dollars on the completion of said piers.

"OTIS W. WOOD,
"Surveyor of Bridges for the town of Burrillville.
"FRED L. MATHEWSON.

"SPECIFICATIONS FOR PIERS FOR HARRISVILLE BRIDGE.

"Piers to be built of Granite Rubble well laid to be 22 ft. long, 4 ft. thick on bottom and 2 ft. on top, to be 10 feet high or enough to bring new bridge to the same level as old one, with suitable cut water on the upper end of each pier, said Mathewson to have the privilege of using all stone that are suitable, that are now in the river and old pier."

At the trial of the case in the Common Pleas Division the plaintiff offered evidence to the effect that in the year 1890 the defendant town of Burrillville in town meeting elected one Otis W. Wood, surveyor of bridges; that it had been the custom of said town for some time previously to elect or appoint annually such an officer or agent; that the bridges of the town of certain dimensions, had been kept in repair by him; that he had from time to time contracted debts for material and labor in connection with the repair of said bridges, which debts had been paid by order of the town council, out of the town treasury; that he informally conferred with the town council of said town while in session about the condition of the bridge in question, showing them a piece of the planking thereof which was defective, and that after talking the matter over with him and others who were present, they took no action thereon but simply told him to go ahead and fix it, whereupon he entered into the contract aforesaid, and that in pursuance thereof, the plaintiff commenced to carry it out by cutting some stone for the piers mentioned in the specifications thereof; that shortly afterwards the plaintiff was requested by said Wood, to cease work until the following spring in connection with the carrying out of his contract, which request was complied with, and that before anything further was done by the plaintiff the town decided to build a new iron bridge to take the place of the old one. The proof also shows that said Otis W. Wood was removed from his office or position of surveyor of bridges by the town council on January 29, 1891, and that another man was appointed to succeed him, and the proof does not show that either the town or the town council ever

ratified the acts of said Wood in the making of said contract. It does not show that either the town or the town council ever passed any vote prescribing or defining the duties or powers of the surveyor of bridges.   The proof further shows that no appropriation was ever made either by the town or the town council for the building or repairing of the bridge in question, and that neither the town nor the town council had any knowledge of the making of said contract with the plaintiff until some time after the making thereof.

Said contract together with the evidence offered in relation thereto, shows that it was not a contract to repair the bridge in question but to construct a new bridge in the place thereof. In this state of the proof the defendant's counsel requested the court to charge the jury amongst other things, "That under his office as bridge surveyor Otis W. Wood had no authority to enter into the contract in suit so as to bind the town in its corporate capacity." This request was refused, and the presiding justice charged the jury as follows: "The main question in the case, gentlemen, is a question of law which is not for you to determine, that is to say, whether or not the person who made this contract was authorized by the town to make a contract of this character. And upon this point, the evidence being uncontradicted, it is for the court to tell you that in the condition of affairs shown by the uncontradicted evidence, the person who signed this contract in behalf of the town had legal authority to do so." To this charge the defendant duly excepted.

We think said request should have been granted, and that the charge as given was error.   Otis W. Wood at the most was merely the agent of the town under the direction of the town council for the purpose of keeping certain bridges in repair, he practically occupying the position of surveyor of highways for said town, so far as keeping said bridges in repair was concerned, although there is no such officer as bridge surveyor known to our statutes.   It was the duty of the town under Pub. Stat. R. I. cap. 65, § 1, to keep its highways and bridges in repair at the proper charge and expense of said town under the care and direction of the surveyor of

highways.  And even assuming that said Wood had all the powers of a surveyor of highways in the premises yet he had no authority to bind the town by any contract that he should make unless expressly authorized so to do.

It will be seen by an examination of Pub. Stat. R. I. cap. 65, §§ 3–10 and 33, that the powers and duties of towns and of surveyors of highways therein relating to the repair of highways are very clearly defined and limited ; and it follows that in the absence of express authority from the town or town council a surveyor of highways can only do those things which the statute authorizes him to do.  And indeed it may be doubted whether the town council, even, can authorize him to incur a liability on the part of the town for the doing of any work on the highways except in certain cases of emergency unless an appropriation for the doing thereof shall have been first made by the town therefor.  See Pub. Stat. R. I. cap. 65, § 10.  But however this may be, he certainly has no authority by virtue of his office to incur any such liability as that now in question.  The taxpaying voters of the several towns have the right to determine how much shall be expended on the highways and bridges within the respective limits thereof and when and at what cost new bridges shall be constructed and erected.  See Pub. Stat. R. I. cap. 34, § 5, concerning the powers of towns to make appropriations for the building, repairing and amending of bridges.

In the case at bar the only authority, if such it may be called, which said Wood had to construct the bridge in question was by virtue of an informal talk with the members of the town council while in session, and it does not appear from this even, that the council contemplated the erection of a new bridge but rather the repairing of the old one.  But even assuming that they did, and that they had passed a formal vote to that effect, it would not have authorized him to make the contract in question and bind the town thereby.  See *State* v. *White*, 16 R. I. 591.  Surveyors of highways being statutory officers, appointed by the town "to perform a public service in which the town has no particular interest

and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community, such officer cannot be regarded as an agent for whose acts or contracts the town can be held liable." *Halford* v. *New Bedford*, 16 Gray, 297 ; *Walcott* v. *Inhabitants of Swampscott*, 1 Allen, 101 ; *Detroit* v. *Blackely*, 21 Mich. 84 ; *Aldrich* v. *Tripp*, 11 R. I. 141 ; *Dodge* v. *Granger*, 17 R. I. 664 ; *Smart* v. *Town of Johnston*, ib. 778 ; Dillon on Munc. Corp. 4th ed. § 974. See also § 445 as to power of officers or agents to bind the town by contract.

Speaking in a case against a municipal corporation, *Clark* v. *City of Des Moines*, 19 Iowa, 199, Dillon, J., said : " The general principle of law is well known and definitely settled, that the agents, officers, or even city council of a municipal corporation, cannot bind the corporation when they transcend their lawful and legitimate powers. This doctrine rests upon this reasonable ground : The body corporate is constituted of all of the inhabitants within the corporate limits. The inhabitants are the corporators. The officers of the corporation, including the legislative or governing body are merely the public agents of the corporators. Their duties and their powers are prescribed by statute. Every one, therefore, may know the nature of these duties and the extent of these powers. These considerations, as well as the dangerous nature of the opposite doctrine, demonstrate the reasonableness and necessity of the rule, that the corporation is bound only when its agents, by whom, from the very necessities of its being it must act, if it acts at all, keep within the limits of their authority." See also *Farnsworth* v. *Pawtucket*, 13 R. I. 82 ; Mechem on Public Officers, §§ 829, 830, 834.

To hold that the contract in question is binding on the defendant town would be equivalent to holding that any surveyor of highways, or person occupying a similar position, has the power to construct and erect therein such bridges and at such cost as he alone shall see fit, and that the town

must pay the bills.    But we think it is clear that no such power exists.

The defendant's petition for a new trial is granted.

*James Harris*, for plaintiff.

*Samuel S. Stone & Edward F. Lovejoy*, for defendant.