THOMAS A. KENNELLY, *Public Utility Adm'r vs.*
KENT COUNTY WATER AUTHORITY *et al.*

MAY 29, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition brought by the public utility administrator pursuant to general laws 1938, chapter 122, §28, praying this court to direct the respondent Kent County Water Authority, hereinafter called the Authority, to file in the office of the administrator a schedule of rates and charges together with a copy of its rules and regulations. The petition further prays that said respondent and its predecessor companies, which are also respondents, be permanently enjoined from putting into effect any rates until they have been so filed, and that all moneys which the respondent Authority has received from ratepayers in excess of legally approved rates heretofore filed by said companies be held in trust pending the determination of this proceed-

ing. Upon the filing of the petition we granted the last-mentioned prayer and such moneys are now on deposit with the Industrial Trust Company, a banking corporation of this state, as trustee.

In reality this controversy is between only the administrator and the Authority, the respondent companies having disclaimed any interest. It concerns the construction of the following proviso in section 2 of chapter 122: "Provided, that this chapter shall not be construed to apply to any public water works and water service owned and furnished by any city, town, water district, fire district or any other municipal or quasi-municipal corporation." The Authority, which will hereinafter be considered as the sole respondent, contends that it is included within that proviso and is therefore not required to file a schedule of its rates or a copy of its rules and regulations in the office of the administrator. The administrator argues that only a municipal or quasi-municipal corporation can claim the benefit of such proviso and that the respondent is neither. He further contends that if the proviso is more broadly construed so as to include the respondent it would be invalid. However, on the view which we take it will not be necessary to consider this latter contention.

The respondent Authority was created by public laws 1946, chap. 1740, and was authorized to acquire the water works and services of several privately-owned water companies then serving the municipalities of Kent county and some users of water in Scituate and Cranston in Providence county. The rates of such companies were on file in the office of the administrator when the respondent acquired those companies, but within a short time thereafter, following a survey by engineers retained by respondent, it revised such rates upward without first submitting them to the administrator for his approval. It relied for its right to take such action on the provisions of sections 1 and 5 of chapter 1740 which read as follows:

"Section 1. There is hereby created a district to be

known as the Kent county water district (hereinafter called the 'district'), a political subdivision, whose boundaries shall be co-terminus with the boundaries of Kent county. A board to be known as the Kent county water authority is hereby created. Such board shall be a body corporate and politic constituting a public benefit corporation and shall serve as the governing body of the district for the purposes of this act."

"Sec. 5. It is hereby declared that the authority and the carrying out of its corporate purposes is in all respects for the benefit of the people of the State of Rhode Island and Providence Plantations, for the improvement of their health, welfare and prosperity, and the authority will be performing an essential governmental function in the exercise of the powers conferred by this act, and the State of Rhode Island and Providence Plantations covenants * * * that the bonds of the authority and the income therefrom shall at all times be exempt from taxation."

The claim is made, as we understand it, that the language of those sections indicates an intention of the legislature to endow respondent with the attributes of a quasi-municipal corporation such as a fire district. If that claim is valid there can be no question that respondent would not bè obliged to comply with chapter 122, and conversely if it is invalid respondent would be so obligated. Originally, the proviso of section 2 was expressly limited to a city or town. In *East Providence Water Co.* v. *Public Utilities Comm'n*, 46 R. I. 458, decided in 1925, this court held that a fire district was not included under the words "city or town" as they were municipal corporations whereas a fire district was merely "a *quasi* municipal corporation of limited powers." Several years thereafter the legislature amended the proviso by adding the words "water district, fire district or any other municipal or quasi-municipal corporation." P. L. 1936, chap. 2438.

Apparently before that amendment this court was of the opinion that such exemption should not be extended by judicial construction and that if the legislature meant to

exempt quasi-municipal corporations as well as municipal corporations, that is, cities and towns, it should expressly so declare. However, although the legislature finally did so in 1936 it expressly confined the exemption to municipal or quasi-municipal corporations as is evidenced by the use of the word "other" in the above-quoted amendment. In other words, it clearly meant to exempt only such districts as were municipalities. At that time no such corporation as the Kent County Water Authority was in existence in this state.

In view of this legislative and judicial history of the proviso the question arises: Is the Authority a true quasi-municipal corporation within the contemplation of such proviso? It will be noted that although it is declared in chapter 1740 to be a "body politic" that act does not incorporate the inhabitants of Kent county as a self-governing corporate body of the newly established water district, nor does it provide that the ratepayers of such district shall have any political rights in the government of the district or in the management of the corporation. And no part of the state's power of taxation is vested either in them or the board. On the contrary the act designates certain individuals as a board and incorporates it as a "water authority" with no powers other than those necessary to maintain and operate a water works system. In this respect such "authority" does not correspond to fire districts heretofore created by the legislature which are vested with a portion of the state's taxing power and have been characterized by this court as quasi-municipal corporations.

Such districts are true bodies politic in that the inhabitants thereof are the corporators exercising a part of the sovereign power of the state. This is one of the basic elements of a municipal corporation. See *Mathewson* v. *Hawkins*, 19 R. I. 16, 20. The term "body politic" is of ancient origin and generally connotes the collective body of citizens exercising political functions of the state. 11 C.J.S. Body, 380. The distinguishing feature of a municipal or quasi-municipal corporation is that it is not only a body

corporate but also a body politic the components of which, the corporators, are endowed with the right to exercise in their collective capacity a portion of the political power of the state.

Such a corporation is more than a mere "public benefit corporation." There are a variety of corporations of that character such as railroad, telephone, gas, electric, water, and turnpike corporations which, even though privately owned, perform a public service and are sometimes referred to as public service corporations, but they are neither *municipal* nor *quasi-municipal* corporations. In recent years a special type of corporation denominated an "authority" rather than a "corporation" has been created to perform some of those functions, but, as far as we are aware, such "authorities" heretofore have never been considered by this court to be municipal corporations, although they may be clothed with some of their attributes and be publicly owned or controlled.

Notwithstanding that public laws 1946, chapter 1740, creating the Kent County Water Authority, describes the board as a "body politic," constitutes it as "a public benefit corporation," and declares that in exercising its powers it "will be performing an essential governmental function," such language by itself is not effective to clothe the Authority with the distinguishing characteristics of a municipal or quasi-municipal corporation. It does no more than establish the Authority as an agency of the state to perform the same service which was theretofore rendered by several privately-owned companies. In our opinion, therefore, the Authority is not a true body politic in the nature of a quasi-municipal corporation such as the legislature intended to exempt from the provisions of chapter 122.

Our conclusion, therefore, is that the respondent Kent County Water Authority must comply with the order of the public utility administrator requiring it to file a schedule of its rates and a copy of its rules and regulations in accordance with that chapter. This is not to say, however, that

the legislature is powerless to exempt the respondent if it desires to do so. We do not so decide. All that we decide here is that such an exemption cannot reasonably be read into the proviso, chapter 122, section 2, by judicial construction.

The prayer of the petition for relief is granted, and on June 4, 1952 the parties may present to this court for approval a form of decree in accordance with this opinion.

*William E. Powers,* Atty. Gen., *Robert A. Coogan,* Ass't Atty. Gen., for petitioner.

*Michael DeCiantis,* Town Solicitor, as amicus curiam, for town of West Warwick.

*Hinckley, Allen, Salisbury & Parsons, Stuart H. Tucker, Douglas W. Franchot,* for respondent.