**Joseph AFONSO**

v.

**PIERCE BUICK, INC.**

**No. 82–437–Appeal.**

Supreme Court of Rhode Island.

June 28, 1984.

Stephen M. Rappoport, Slepkow, Slepkow & Rappoport Inc., East Providence, for plaintiff.

George E. Healy, Jr., Healy & Chiulli, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

The matter presently before the court is a workers' compensation proceeding wherein Pierce Buick, Inc. (employer), appeals from a decree entered by the Workers' Compensation Appellate Commission reversing the trial commissioner's decree denying and dismissing the petition for benefits of Joseph Afonso (employee). The appellate commission further ordered the payment of compensation for total disability to the employee from and after August 19, 1980. As a result of such determination, the employer filed the instant appeal accompanied by a motion to stay the decree of the appellate commission pending final decision by this court. A motion to dismiss the appeal was also filed on behalf of the employee. On December 30, 1982, this court entered an order denying the employee's motion to dismiss and granting the employer's motion to stay the decree pending appeal in respect to the payment of back compensation benefits previously ordered by the decree of the appellate commission. The facts pertinent to this appeal are as follows.

The employee, Joseph Afonso, was employed by Pierce Buick as a car salesman for approximately two years and nine months. The employee testified that his job entailed a considerable amount of walking in a large car lot located at the rear of employer's business premises. The employee's original petition for workers' compensation benefits alleged that he sustained a lower-back injury that arose out of and during the course of his employment. In his petition, employee prayed for compensation for total disability from October 20, 1980, and continuing into the future, medical benefits, specific compensation,

and counsel fees. The employee testified that he injured his back twice, once by slipping on ice present on employer's premises and a second time by slipping on a flight of stairs, falling a distance of about three or four stairs. The second incident allegedly occurred sometime during August of 1980. The employee testified that after experiencing back pain the day after the second fall which intensified to an unbearable level after about a week, he began treatment with Dr. Walter Cotter. Doctor Cotter had previously treated employee for a back problem he allegedly suffered while employed for Bruin Chemical & Plastic Co. in 1971.[1]

At the hearing before the trial commissioner, in addition to his own testimony regarding the injury, employee asserted that a co-worker had witnessed his fall. On cross-examination counsel for employer later questioned employee regarding the alleged fall and injury. At this time, employee testified that a co-worker, James Moretti, had helped him up after his fall. Contradicting himself, employee then testified that Moretti had never come to his assistance because he told him everything was all right.

On employee's behalf, Moretti testified that the employee fell in his presence while descending the stairs at employer's business premises sometime during the summer of 1980. The witness further testified that the signed statement he previously gave to an insurance company investigator, Derrick Amato, was not accurate and was signed under duress for fear of losing his job as a result of the actions of both employer and the insurance representative. Moretti had signed the following statement:

"I am James Moretti age 29 of 28 Packard St. Cranston, R.I. I have no home phone. I am employed at the present with Eddy Buick as a salesman. I worked with Mr. Joseph Afonso when the company was owned by Pierce and also after the dealership changed hands. I am unaware of any specific incident or accident Mr. Afonso may have sustained while working at Pierce or Eddy Buick. I was not a witness to an alleged injury Mr. Afonso claims happened while working with Pierce or Eddy Buick."

The witness subsequently left employer's business around March of 1981. Amato, the insurance representative, was called as a witness and testified that Moretti had been hesitant to sign the statement but had done so after Amato had threatened that he would be asked to testify later if he failed to sign.

In an affidavit entered as an exhibit, Dr. Cotter attested that in his opinion employee aggravated his preexisting back condition by a fall suffered at his place of employment in August 1980 and that the aggravation necessitated surgery. The doctor further stated his opinion that employee was rendered totally disabled as of September 1, 1980. When Dr. Cotter was later called in by employer for cross-examination, he testified that he did not learn of a fall at work until the December 16, 1980 visit and until then, had assumed that the problem was a recurrence of an earlier disc injury. The doctor stated that the history employee gave him regarding his back problem included the information that he had started exercising because of the pain until he awakened one night suffering severe back pain after having exercised.

Subsequently, the trial commissioner entered his decision, based upon co-worker

---

1. The employee filed an earlier petition alleging an injury he sustained on April 1, 1971, rendering him incapacitated from April 29, 1971 to May 31, 1972, entitled *Joseph Afonso v. Bruin Chemical & Plastic Co.*, W.C.C. 80–2964, which was consolidated for hearing with the present petition by the trial commissioner. The companion case was an employee's petition to review a preliminary agreement executed on or about July 29, 1971, from which employee received some compensation benefits and in which he executed a suspension agreement on May 30, 1972. This petition to review was denied and dismissed and therefore warrants no further discussion in this opinion.

Moretti's testimony and prior statement, that the only reasonable inference that could be drawn was that Moretti did not see employee fall, nor was he present at the time of employee's alleged fall. Moretti's contention that he signed the earlier statement under duress was not found to be convincing by the trial commissioner. Furthermore, the doctor's testimony contradicting his affidavit created doubt regarding the cause of the back injury. Thus, the trial commissioner, finding that employee failed to prove his injury by a fair preponderance of credible evidence, denied and dismissed employee's petition.

Upon appeal by employee, the appellate commission reversed the decision and decree of the trial commission, stating as its rationale the following:

"[W]e are satisfied that the trial commissioner committed prejudicial error in admitting the statement of James Moretti over the objection of the petitioner [employee]. This is clear from a reading of the transcript and a reading of the trial commissioner's decision where it appears that the trial commissioner decided this matter relying upon the circumstances surrounding the statement of Moretti and the testimony of witness, Amato. It

is obvious to us that absent a showing as a condition precedent to the admission of said statement, [that] the petitioner [employee] was provided with a copy of the statement, upon his objection to the admission of said document that it was error for the trial commissioner to admit it and further it was error for the trial commissioner to rely upon said statement in rendering his decision."

The employer contends in the instant appeal that the appellate commission committed prejudicial error in expunging from the record a statement taken from a co-employee of employee pursuant to G.L. 1956 (1979 Reenactment) § 28–35–10.[2] Said statement, employer argues, does not fall within the terms of § 28–35–10 as it was not obtained from an injured employee, nor was it a report or statement of a supervisor or foreman.

We have construed the mandate of § 28–35–10 to be that "[i]f a copy of any document, report, or statement which is covered by the statute is not provided to an employee, any information so obtained may be excluded from the evidence at the hearing." *Davol, Inc. v. Aguiar*, R.I., 463 A.2d 170, 172 (1983). *See Worcester Textile Co. v. Morales*, R.I., 468 A.2d 279, 280 (1983);

---

**2.** General Laws 1956 (1979 Reenactment) § 28–35–10 reads as follows:

"*Where an employer, his insurer, or the agents or independent contractors of either obtains from an injured employee* any paper, document, report, statement or agreement, including hospital records, nurses' notes, personnel records, *reports or statements by foremen or any other supervisory employees at the injured employee's place of employment,* whether signed or unsigned, and regardless of the mode of obtaining same, concerning compensation, such injured employee shall receive an exact duplicate original copy of such paper, document, report, statement or agreement, including hospital records, nurses' notes, personnel records, *reports or statements by foremen or any other supervisory employees* at the injured employee's place of employment which shall be signed by a duly authorized agent or the employer or his insurer. Such paper, document, report, statement or agreement, including hospital records, nurses' notes, personnel records, *reports or statements by foremen or any other supervisory employees*

at the injured employee's place of employment, shall be furnished to the employee at the time the same is obtained, and a copy shall also be furnished to the employee's attorney forthwith upon request by said attorney. If a copy of such paper, document, report, statement or agreement, including hospital records, nurses' notes, personnel records, *reports or statements by foremen or any other supervisory employees at the injured employee's place of employment* is not furnished strictly in accordance with the provisions of this section, anything therein contained cannot be used by an employer or his insurer or attorney for direct or cross-examination of the employee; and the individual obtaining same may not testify in any proceeding and such paper, document, report, statement or agreement, including hospital records, nurses' notes, personnel records, *reports or statements by foremen or any other supervisory employees at the injured employee's place of employment* shall be inadmissible in any proceeding, if objection by the employee to its admission is made." (Emphasis added.)

*Giordiano v. Uniroyal, Inc.,* 108 R.I. 226, 231, 273 A.2d 855, 858 (1971). The statement in question does not come within the rule of exclusion mandated by § 28–35–10.

The rules of statutory interpretation require that this court give full effect to every word, clause, and sentence of a statute when dealing with its application in a case before us. *Spikes v. State,* R.I., 458 A.2d 672, 674 (1983). In applying the statute to the facts of the instant case, we find that the statement was obtained by the insurance investigator, Amato, from Moretti, a co-employee of Afonso. The status of a co-employee fails to meet the definition of foreman or other supervisory employee at the injured employee's place of employment, copies of whose statements or reports would be required to be furnished to the injured employee on pain of having them excluded from evidence provided the appropriate objection to its admission was made by the employee. Therefore, the appellate commission committed an error of law in finding the statement inadmissible pursuant to the provisions of § 28–35–10.

The purpose of § 28–35–10 has been determined by this court to be an effort to place an employee on equal footing with his or her employer "regarding information [to which] an employer would have access because of its records and insurer's reports made before any compensation claim is filed." *Davol, Inc. v. Aguiar,* R.I., 463 A.2d at 172; *Giordiano v. Uniroyal, Inc.,* 108 R.I. at 231, 273 A.2d at 858.

We have recognized that it is our duty to apply a statute literally when it is unambiguous, giving its words their plain and obvious meaning. *In re LaFreniere,* R.I., 420 A.2d 82, 84 (1980); *Citizens for Preservation of Waterman Lake v. Davis,* R.I., 420 A.2d 53, 57 (1980). As we noted in *Giordiano v. Uniroyal, Inc.,* 108 R.I. at 228, 273 A.2d at 857, the statutory language of § 28–35–10 which is pertinent to this appeal is unambiguous on its face and thus, when literally applied, fails to encompass the co-worker's statement as the type of document that must be furnished to an employee before it is admissible in a workers' compensation proceeding.

In light of our determination that the co-employee's statement was not subject to the statutory rule of exclusion pursuant to § 28–35–10, it is unnecessary for us to reach the issue of whether a proper objection was made by the employee's counsel. The appellate commission's findings of fact in reversing the trial commissioner were obviously affected by the exclusion of this statement.

For the aforementioned reasons, the employer's appeal is sustained, and the papers in the case are remanded to the Workers' Compensation Appellate Commission for reconsideration in light of the admissibility of the statement by the co-worker.