RHODE ISLAND STATE LABOR
RELATIONS BOARD

v.

VALLEY FALLS FIRE DISTRICT.

Nos. 83–168–M.P., 83–176–M.P.

Supreme Court of Rhode Island.

March 13, 1986.

Matthew C. Cunningham, Blais Cunningham Crowe & Chester, Pawtucket, for petitioner.

Vincent F. Kane, Providence, for respondent.

OPINION

BEVILACQUA, Chief Judge.

In these consolidated cases, the defendant seeks review of a Superior Court enforcement by way of both appeal pursuant to G.L.1956 (1979 Reenactment) § 28–7–28 and petition for writ of certiorari under G.L.1956 (1977 Reenactment) § 42–35–16.

The facts are not in dispute. On July 6, 1982, plaintiff Rhode Island State Labor Relations Board (the board) filed a petition to enforce its order of May 6, 1982, against defendant Valley Falls Fire District, in Providence County Superior Court, pursuant to § 28–7–26. The petition alleged that defendant had failed to comply with the mandate of a board order directing defendant to "meet and confer with representatives of Local 2729 for purposes of negotiating a collective bargaining agreement * * *."

The defendant Valley Falls Fire District is a quasi-municipal corporation created by a special act of the Legislature. Local No. 2729 International Association of Fire Fighters was certified on July 14, 1981, as the duly authorized collective-bargaining agent for defendant's employees. In May

1982 plaintiff issued an order directing defendant to participate in arbitration with local No. 2729 pursuant to the Rhode Island Fire Fighters' Arbitration Act. G.L. 1956 (1979 Reenactment) chapter 9.1 of title 28. A written request to bargain was sent to Arthur Clemente, chairman of the Board of Wardens, Valley Falls Fire District, Rhode Island. Clemente subsequently advised local 2729 that defendant would not honor the terms of the order. However, defendant failed to seek review in accordance with § 42–35–15, which provides the procedure to be followed when a party is aggrieved by a final decision of an agency in a contested case. Instead defendant, alleging that plaintiff lacked jurisdiction, petitioned the Supreme Court by way of a writ of certiorari to review the issue raised. This petition was denied. *See Valley Falls Fire District v. Rhode Island State Labor Relations Board*, 442 A.2d 448 (R.I.1981). In the meantime, plaintiff commenced a statutory proceeding in the Superior Court pursuant to § 28–7–26 to compel defendant to comply with defendant's decision. The Superior Court granted plaintiff's petition to enforce.

In considering the question, the trial justice examined § 28–9.1–2 and found that the act contained a broad policy statement which stated in part:

"It is hereby declared to be the public policy of this state to accord to the permanent uniformed members and all employees of any paid fire department in any city or town all of the rights of labor other than the right to strike * * *."

Although this section does not mention fire districts, the trial justice concluded that a fire district is included within the definition of corporate authorities, as set forth in § 28–9.1–3(b). He stated that because the Board of Fire Wards is charged with the responsibility to provide fire protection for the people in the district and it is within the boundaries of a town in Rhode Island, defendant meets the requirements of being within a city or town as required by § 28–9.1–3(b). Furthermore, since the Board of Fire Wards exercises the powers of a town council, the responsibilities that correspond with such powers attach as well. The trial justice therefore decided that defendant came within the provisions of the Fire Fighters' Arbitration Act and that plaintiff had proper jurisdiction over this matter.

This case presents two issues: (1) whether the defendant fire district is included within the Rhode Island Fire Fighters' Arbitration Act and (2) whether appellate review of this matter should be sought by appeal or by petition for certiorari.

I

The defendant, relying on *Kennelly v. Kent County Water Authority*, 79 R.I. 376, 89 A.2d 188 (1952), contends that a fire district is neither a "city or town," nor is it included in the definitions of city or town. The defendant further contends that the Labor Relations Act expressly excludes firefighters from coverage and that the rights created under the Rhode Island Fire Fighters' Arbitration Act apply only to permanent uniformed members and all employees of any paid fire department in any city or town.

The plaintiff in turn argues that to construe the Fire Fighters' Arbitration Act to exclude full-time paid employees of the fire district would create an absurd result, contrary to the intent of the Legislature. Although plaintiff concedes that the act does not specifically extend coverage to political entities other than cities or towns, its purpose however is to protect the association rights of employees while safeguarding the health, safety, and welfare of the people.

This court has stated repeatedly that in construing a statute, our task is to establish and effectuate the intent of the Legislature by examining the language, nature, and object of the statute. *Howard Union of Teachers v. State*, 478 A.2d 563 (R.I. 1984). Furthermore, this court will not adopt a construction that effects an absurd result. *Berthiaume v. School Committee of Woonsocket*, 121 R.I. 243, 397 A.2d 889

(1979). Examination of the statutory language reveals that the purpose of the statute here in question is unequivocal.

Section 28–9.1–2 states that "protection of the public * * * demands that the permanent uniformed members and all employees of any paid fire department in any city or town not be accorded the right to strike * * * ." On its face, the statute is written to protect the public from lapses in fire protection occasioned by labor disputes. Mindful that the statute does not specifically extend the protective provisions to fire districts, we are of the opinion that the Legislature intended to protect the health, safety, and welfare of persons who are served by city or town fire departments, as well as those served by fire-district departments. If we were to conclude that the act is inapplicable to fire districts, it would be tantamount to declaring that fire-district firefighters have no right to bargain collectively. Such a result would certainly be against the purpose and policy of the statute.

■ Accordingly, we are of the opinion that the trial justice correctly determined that the terms of the Fire Fighters' Arbitration Act extend to employees of defendant fire district.

## II

The defendant next contends that this matter is not a "contested case" within the Administrative Procedures Act and therefore appeal may be sought by way of § 28–7–28. The plaintiff, in contrast, argues that petition for writ of certiorari pursuant to § 42–35–16 is the proper route to review this matter.

However, §§ 28–7–26 [1] through 28–7–28 provides the procedure to be followed by the Labor Relations Board for the judicial enforcement of orders. Section 28–7–28[2] specifically authorizes either party to such a proceeding to appeal the Superior Court's ruling to the Supreme Court. These statutes clearly give direction concerning the procedure to be followed.

We have closely examined § 42–35–16 to determine whether it governs the route of review to this court in cases involving the judicial enforcement of orders issued by the board. From this examination we find that the statute discloses nothing that in any way demonstrates that the Administrative Procedures Act supplanted the statutory procedure outline in §§ 28–7–26 through 28–7–28. Section 42–35–15 in pertinent part reads as follows:

"Judicial review of contested cases.— (a) Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."

This section establishes the elements of a proceeding that would come within the provision of the Administrative Procedures Act, to wit, a contested agency matter, a decision by the agency therein, and a party to the agency proceedings who is aggrieved and would like to obtain judicial review.

However, in reading the provisions of §§ 28–7–26 through 28–7–28, we find that these sections authorize an original judicial proceeding to be commenced in the Superior Court *by the Labor Relations Board itself* to enforce its prior orders. Such a Superior Court proceeding is not brought

---

1. General Laws 1956 (1979 Reenactment) § 28–7–26 provides in part:
   "Judicial enforcement of orders.—The board shall have power to petition the superior court * * * for the enforcement of such order and for appropriate temporary relief or restraining order * * * ."

2. Section 28–7–28 provides in part:
   "Jurisdiction of court—Appeal to supreme court—The jurisdiction of the superior court

shall be exclusive and its judgment shall be final, except that the same shall be subject to review by the supreme court, on appeal by either party, irrespective of the nature of the judgment or the amount involved. Such appeal shall be taken and prosecuted in the same manner and form and with the same effect as is provided in other cases of appeal to the supreme court * * * ."

by a party aggrieved by an agency ruling, nor does it seek judicial review of an agency decision. Rather it is instituted to enforce the board's orders after the contested administrative proceedings are concluded. The statute authorizes the board to bring a separate equitable proceeding in order to obtain judicial assistance to enforce its orders.

We therefore conclude that the proper method to review judicial enforcement of orders of the board is by appeal pursuant to § 28–7–28.

For the reasons stated, the defendant's appeal is denied and dismissed, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the judgment entered by the Superior Court is affirmed, and the papers are remanded to the Superior Court.