Paul A. BRULE

v.

John KILDUFF et al.

No. 84–569–Appeal.

Supreme Court of Rhode Island.

April 24, 1987.

Aram Scherfrin, Lovett, Scherfrin & Gallogly, Ltd., Providence, for plaintiff.

James E. O'Neil, Atty. Gen., David Dugan, Asst. Atty. Gen., for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a declaratory judgment entered in the Superior Court holding that the plaintiff was entitled to incentive pay as a full-time fireman pursuant to G.L.1956 (1977 Reenactment) § 42–28.4–2 as a result of a degree that the plaintiff earned in the field of health-services administration. We reverse. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff was employed by the town of Lincoln as an emergency-service technician for a period of eighteen months beginning on February 4, 1980, and extending until August 29, 1981. During plaintiff's tenure as an emergency-service technician, § 42–28.4–2 read as follows:

"Eligibility for plan.—Any full time member of any city or town fire department and any salaried, full time official and any salaried, full time fireman of any incorporated fire district shall be eligible for the plan established in this chapter provided he accumulates the requisite number of points under the schedule set forth in § 42–28.4–3."

The parties agree that at all times relevant to this controversy the town of Lincoln had no fire department and employed no firemen. The portion of Lincoln in which plaintiff served was afforded fire protection by the Albion Fire District. The Albion Fire District consisted of two paid members, the chief and the captain. The other firefighters of the district were volunteers. The plaintiff was hired and paid by the town of Lincoln but was assigned to work in the Albion Fire District where he performed such services as were prescribed by the senior fire official. It is undisputed that plaintiff was instructed in all aspects of firefighting and that he not only performed emergency medical and rescue services but also assisted in the extinguishing of fires from time to time.

On a number of occasions plaintiff sought to be included among those employees to whom incentive pay was given. The plaintiff's immediate supervisor was Dennis Lariviere, chief of the Albion Fire District and also chairman of the rescue commission of the town of Lincoln, who recommended plaintiff for such incentive pay. However, John J. Kilduff, in his capacity as chief of classification and training of the

department of personnel, refused to honor plaintiff's request on four grounds, two of which have been challenged in this appeal. Kilduff determined that (1) Brule was not a full-time fireman, and (2) Brule's degree was not fire-science related. For purposes of this appeal, only the first ground need be considered.

The statute as it read during the period of plaintiff's employment as an emergency-service technician was specific in benefiting "[a]ny full time member of any city or town fire department and any salaried * * full time fireman of any incorporated fire district * * *." Section 42–28.4–2. From the agreed facts in the case at bar, plaintiff was neither a member of a city or town fire department nor was he a full-time fireman of an incorporated fire district.

The Albion Fire District was and is a wholly independent corporation of a nature that has been described as a "true bod[y] politic in that the inhabitants thereof are the corporators exercising a part of the sovereign power of the state." *Kennelly v. Kent County Water Authority,* 79 R.I. 376, 380, 89 A.2d 188, 190 (1952). Although plaintiff was assigned to the Albion Fire District, he was not employed by the district. He was certainly not a member of a town fire department since he was employed by the town of Lincoln, which had no fire department.

In effect, plaintiff asks this court to rewrite the statute in order to fit his circumstances, which admittedly were closely related to those of a fireman but did not comply with the plain terms of the statute. It is a familiar rule of statutory construction that when the terms of a statute are plain and unambiguous, full effect must be given to the plain and ordinary meaning thereof. *City of Warwick v. Aptt,* 497 A.2d 721 (R.I.1985); *Afonso v. Pierce Buick, Inc.,* 478 A.2d 560 (R.I.1984); *Fiske v. MacGregor,* 464 A.2d 719 (R.I.1983). When the statute expresses a clear and sensible meaning, such meaning is presumed to be the one intended by the Legislature and the statute must be applied literally. *Exeter-West Greenwich Regional School District v. Pontarelli,* 460 A.2d 934

(R.I.1983); *Rathbun v. Leesona Corp.,* 460 A.2d 931 (R.I.1983).

We are of the opinion that the statute that controls the case at bar is unambiguous and does set forth a clear and sensible meaning. This court therefore is not free to add beneficiaries to the statute on the theory that a beneficent draftsman might well have included them. In fact there is no question that the Legislature could have included emergency-service technicians had it so desired. This assertion has been proven beyond a doubt by a 1985 amendment to the subject statute that specifically included "emergency service technicians of the town of Lincoln." Therefore, we perceive that the Legislature has no difficulty in expressing its clear intent to include such technicians when it wishes to do so. Unfortunately, the statute was amended long after plaintiff ceased to be an emergency-service technician employed by the town of Lincoln.

As a consequence, we are of the opinion that the defendant Kilduff was correct in denying incentive-pay benefits to the plaintiff on the sole ground that he was not a full-time fireman within the provisions of § 42–28.4–2 as it existed during the period giving rise to this controversy. Thus the trial justice was in error in entering a declaratory judgment holding that the plaintiff was entitled to such benefits.

For the reasons stated, the defendants' appeal is hereby sustained. The judgment of the Superior Court is reversed. The papers in the case may be remanded to the Superior Court with directions to enter judgment in favor of the defendants.