STATE of Rhode Island, ex rel. TOWN OF MIDDLETOWN

v.

Jeffrey SNYDER.

No. 96–433–M.P.

Supreme Court of Rhode Island.

March 20, 1997.

Aaron Weisman, Providence, Francis S. Holbrook, II, Newport.

Jeffrey F. Richardson, Warwick.

**ORDER**

This case came before the Supreme Court on March 3, 1997, pursuant to an order that granted the petition for certiorari by the town of Middletown (town) and directed the parties to show cause why the issues raised in the petition should not be summarily decided. In its petition, the town sought review of a District Court decision that granted the motion of Jeffrey Snyder (defendant) to suppress the results of his breathalyzer test. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

On June 23, 1996, the Middletown police arrested defendant for suspicion of driving under the influence of intoxicating liquor and/or drugs. The defendant submitted to a breathalyzer test and was subsequently charged with driving under the influence, in violation of G.L.1956 § 31–27–4. At a pretrial conference, the trial judge granted defendant's motion to suppress the breathalyzer results on the grounds that the police improperly timed the removal of the used mouthpiece and insertion of a new mouthpiece between the two phases of the test. On August 9, 1996, the trial judge denied the town's motion to reconsider that decision, following which the town filed a petition for issuance of a writ of certiorari and an appli-

cation for a stay of further District Court proceedings. On August 8, 1996, this Court stayed further District Court proceedings, pending our consideration of the petition for certiorari. On September 12, 1996, the town's petition for certiorari was granted, and the stay was continued until further order of this Court.

In its petition, the town argued that the trial justice erred in suppressing the breathalyzer results on the grounds that the police failed to comply with the town's "operational procedure checklist" for administering a breathalyzer test.

The admissibility of the results of chemical tests in a criminal prosecution for driving under the influence of alcohol or drugs rests on compliance with regulations established by the director of the Department of Health of the State of Rhode Island, pursuant to §§ 31–27–2(c)(4) and 31–27–2(g) of the Rhode Island General Laws. Failure to follow a procedural "checklist," however, does not *per se* render invalid the results of a chemical test. Rather, it must be demonstrated that the deviation from the "checklist" actually affected the validity of the test results.

In the instant case, the pertinent regulations are silent in respect to the timing of the removal and insertion of the mouthpieces between breath samples. Consequently, there was no violation of the Department of Health Regulations. Furthermore, because no evidence was presented to show that the timing of the removal and insertion of the mouthpieces affects the validity of the results of a breathalyzer test, we cannot conclude that the results in this case were rendered inadmissible by the failure of the police to comply with the procedural "checklist."

Therefore, we vacate the decision of the District Court and remand this case for an evidentiary hearing as to whether the timing of the removal and insertion of the mouthpieces during the administration of a breathalyzer exam affected the validity of the test results.