## STATE EX REL. TOWN OF SOUTH KINGSTOWN

v.

## Scott D. REILLY.

### No. 99-29-M.P.

Supreme Court of Rhode Island.

Feb. 2, 2000.

Court, his action, had it been filed in Nevada, already was time-barred.

Terrence G. Simpson, Providence, for Plaintiff.

David S. Cass, Frederick G. Cass, North Kingstown, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 14, 1999, pursuant to an order that granted a petition for certiorari filed by the Town of South Kingstown (town) seeking review of an order of the District Court and directed the parties to appear and show cause why the issues raised in the petition should not be summarily decided. In its petition, the town sought review of a District Court order that granted the motion of Scott D. Reilly (defendant) to suppress the results of a test of defendant's blood alcohol by means of a chemical analysis of his breath (test), given by members of the South Kingstown Police Department. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

The essential facts are not in dispute.[1] On September 12, 1998, the South Kingstown police arrested defendant for suspicion of driving under the influence of alcohol and transported him to the police station. After being advised of his rights, defendant consented to a breath test. The first test was performed at 1:33 a.m. and showed a blood alcohol content of .182. The second test was performed at 2:03 a.m., and revealed a blood alcohol content of .173. Although this second test indicated that defendant's blood alcohol content was declining, it was still well over the legal limit of .1%.

Prior to trial, defendant filed a motion to suppress the results of the test on the grounds that the police failed to comply with a Department of Health regulation requiring that the second breath sample be taken "when at least thirty (30) minutes have elapsed following the taking of the first breath sample." 14 060 CRIR 014–10. The defendant asserted that because the breath testing instrument does not record time in seconds, there is a possibility that the actual elapsed time may have been less then thirty minutes. Specifically, defendant argued that "there is no determination as to whether or not it was anywhere from twenty-nine minutes and one second and thirty minutes." After hearing the arguments of counsel, the trial judge granted the motion to suppress the test results and the town filed a petition for issuance of a writ of certiorari. This Court granted the state's petition for writ of certiorari on March 11, 1999. In its petition, the prosecutor argued that the trial judge erred in suppressing the test results because even assuming arguendo that the time lapse was twenty-nine minutes and one second, the intent of the

1. In his memoranda defendant acknowledges that although he does not agree with the entire factual background set out by the town, "the factual assertions of the prosecutor relating to the breathalyzer process are accurate."

regulation had been complied with. We agree.

"The admissibility of the results of chemical tests in a criminal prosecution for driving under the influence of alcohol or drugs rests on compliance with regulations established by the director of the Department of Health of the State of Rhode Island, pursuant to §§ 31–27–2(c)(4) and 31–27–2(g) of the Rhode Island General Laws." *State v. Snyder,* 692 A.2d 705, 706 (R.I.1997). Pursuant to this statutory requirement, the Department of Health established rules and regulations pertaining to preliminary breath testing. The purpose of the regulations is to insure "reliable quantitative determinations and effective administrative practices to protect the safety and welfare of the public." 14 060 CRIR 014–2. As noted, one of the applicable regulations for breath samples requires that two tests must be taken, with the second test performed "when at least thirty (30) minutes have elapsed" since the first test. 14 060 CRIR 014–10. The purpose of this second test is to validate the results of the first, and therefore "insure reliable quantitative determinations." 14 060 CRIR 014–2.

In construing a statute, this Court's primary "task is to establish and effectuate the intent of the Legislature." *Cardarelli v. Department of Employment Training, Board of Review,* 674 A.2d 398, 400 (R.I. 1996) (quoting *Rhode Island State Labor Relations Board v. Valley Falls Fire District,* 505 A.2d 1170, 1171 (R.I.1986)). In doing so, "[t]his court will not construe a statute to reach an absurd result." *Kaya v. Partington,* 681 A.2d 256, 261 (R.I.1996) (citing *Beaudoin v. Petit,* 122 R.I. 469, 476, 409 A.2d 536, 540 (1979)).

We conclude herein that the intent of the regulation was fulfilled and no technical violation of the Department of Health regulations occurred. The regulation requires that the second test be performed thirty minutes after the first test. The first test was recorded at 1:33 a.m. and the second test was recorded at 2:03 a.m. This was a sufficient period because the regulation requires the time interval to be measured only in minutes, not seconds. Further, the results of the second test revealed that defendant's blood alcohol content was slowly declining, yet was still well over the legal limit. This second reading validated the results of the first test and further evidenced that defendant was intoxicated at the time he was driving. Given these facts, we are satisfied that the town complied with the regulation.

Further, we held in *Snyder* that the failure to follow a procedural checklist for administering a test did not *per se* render the results invalid. *Snyder,* 692 A.2d at 706. "Rather, it must be demonstrated that the deviation from the 'checklist' actually affected the validity of the test results." *Id.* In the instant case, the validity of the results was never brought into question, but the defendant sought suppression of the results on the ground that there may have been technical noncompliance with the regulation. The trial judge erred in suppressing the results on this basis. To warrant the suppression of evidence of a chemical test, the validity of the results must be brought into question, even when technical compliance with the regulations is found to be wanting.

For the foregoing reasons, the petition for certiorari is granted, and the order of the District Court is hereby quashed. The papers in this case may be remanded back to District Court with our decision endorsed thereon.