[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is plaintiff's appeal from the Attorney General's determination that plaintiff is a "private security guard business" as defined in G.L. 1956 (1987 Reenactment) §5-5.1-2(a) and is thereby subject to regulation under Title 5, Chapter 5.1 of the General Laws (the "Private Security Guard Act"). Jurisdiction in this court is pursuant to § 5-5.1-24 and §42-35-15.
FACTS/TRAVEL
The relevant facts are as follows. The plaintiff, Meehan Armored, Inc. ("Meehan"), is a Rhode Island corporation duly licensed by the Rhode Island Public Utilities Commission and the Interstate Commerce Commission to provide transport services over irregular routes both within and without Rhode Island. Its business consists of the transport of valuable goods, which it carries in armored vehicles operated by its employees. Meehan usually staffs its armored vehicles with two employees: a driver and an "assistant."
The defendant, the Attorney General of Rhode Island, determined that Meehan is subject to regulation under the Private Security Guard Act because it is a "private security guard business" as defined in § 5-5.1-2(a). The Attorney General has authority to make such determinations under § 5-5.1-3.
Meehan properly appealed defendant's determination pursuant to § 5-5.1-24 and § 42-35-15. It is this appeal which is now before this court.
Standard of Review
This court must review defendant's determination in accordance with the standards set out in § 42-35-15 which provides:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Section 42-35-15 precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of the witnesses or weight of the evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). Under this section, a reviewing court must uphold an agency decision if there is any legally competent evidence in the record supporting that decision. Blue Cross Blue Shield v. Caldarone, 520 A.2d 969, 972 (1987). Questions of law, however, are not binding upon a reviewing court and may be reviewed to determine what the law is and its applicability to the facts. Carmody v. Rhode Island Conflict of InterestComm'n., 509 A.2d 453, 458 (R.I. 1986). The meaning of a statute is a question of law. See Howard Union of Teachers v. State,478 A.2d 563, 565 (1987). The Attorney General's interpretation of 5-5.1-2(a), therefore, is not binding on this court.
DISCUSSION
The Private Security Guard Act applies only to "private security guard businesses" as defined in § 5-5.1-2(a); if Meehan is not a "private security guard business," it is not subject to regulation under such Act. Section 5-5.1-2(a)(1) defines "private security guard business" as follows:
 (1) A business which furnishes for hire or reward watchmen, guards, bodyguards, private patrolmen or other persons, to protect persons or real and personal property.
Whether such definition includes businesses such as Meehan is a question of first impression. When construing a statute for the first time, a court should look to the rules of statutory construction to aid it in its task. The Rake v. Gorodetsky,452 A.2d 1144, 1147 (1982). A court's paramount task in construing a statute is to ascertain the intent behind the enactment of that statute and to effectuate that intent whenever lawful and within the competence of the legislature. Dunne Leases Cars Trucks,Inc. v. Kenworth Truck Co., 466 A.2d 1153, 1156 (R.I. 1983). Courts should effectuate the intent of the legislature by examining the language, nature and object of the statute under consideration, and by giving the words of the statute their plain and ordinary meaning. Lake v. State, 507 A.2d 1549, 1351-52 (R.I. 1986). When examining the language of a statute, courts should strive to give effect to all of that statute's provisions, and avoid construing any sentence, clause or word as unmeaning or surplusage. R.I. Dept. of Mental Health v. R.B., 549 A.2d 1028, 1030 (R.I. 1988). Moreover, when the language of a statutory provision is clear on its face, the court must give effect to the plain meaning of that provision. Gilbane Co. v. Poulas,576 A.2d 1195, 1196 (1990).
The Attorney General contends that Meehan falls within the definition of § 5-5.1-2(a)(1), supra, because employees who staff Meehan's armored vehicles are sometimes armed while they protect goods being transported. Defendant's Memorandum In Opposition toPlaintiff's Administrative Appeal, p. 4. This contention, however, is based upon an erroneous interpretation of §5-5.1-2(a)(1).
The language of G.L. § 5-5.1-2(a)(1) defining "private security guard business" strongly indicates that the legislature did not intend to include within such definition businesses such as Meehan which hire security guards for their own use, and only as one incident of the service which they perform. A "private security guard business" is a business which "furnish[es] for hire or reward . . . guards . . . or other persons, to protect persons or real and personal property." § 5-5.1-2(a)(1). "Furnish" is defined as "to supply; to provide; to give."Webster's New Universal Unabridged Dictionary, Second Edition (1988). Thus, when one "furnishes" something, one must, to some degree, relinquish certain aspects of "possession" or "control" of that object. A business which retains guards for its own use, and does not relinquish any degree of possession or control over such guards, therefore does not "furnish" guards.
Further, "private security guard businesses" do more than merely "furnish" guards; they do so "for hire or reward." "Hire" is defined as "the price or compensation paid or contracted to be given for the use of anything . . .; wages, rent." Id. "Reward" is defined as "remuneration or recompense for services performed, a sum of money paid or received for the performance . . . of some act." Id.[1]
The use of the word "for" establishes a quid pro quo relationship between the furnishing of guards and the receipt of "hire" or "reward." Thus, a "private security guard business" performs the act of furnishing guards in return for payment. Where a business provides guards as only one incident of the performance of a service for which it is being paid, no quid pro quo relationship exists between the act of providing guards and the receipt of payment. Such business performs a service in return for payment; it does not provide guards in return for payment. Therefore, where a business contracts to perform a service and provides guards only as an incident to such performance, such activity does not satisfy the "for hire or reward" language of 5-5.1-2(a)(1) and such business is not a "private security guard business" by virtue of that activity.
Applying these plain meanings to the facts of this case, this court concludes that Meehan is not a "private security guard business" as defined in § 5-5.1-2(a)(1) because it does not "furnish" guards "for hire or reward." Meehan does not "furnish" guards. Rather, it hires guards for its own use. Meehan merely furnishes transportation for its customers' valuable property and it hires guards only so it can more effectively provide such transportation. Further, Meehan does not provide guards "for hire or reward." Meehan gets paid because it provides transportation for valuable goods; it does not get paid for the act of providing persons to provide security.
The distinction between supplying guards and supplying a service may be better illustrated by analogy. A bank or other business which hires a person to guard a vault on its own premises clearly would not be a "private security guard business." This would be true even where such guard carries a firearm or such vault contains the property of others. However, a business which sends its employees to guard the vault of another business, in return for payment from such other business, would be a "private security guard business." Meehan's activities clearly are analogous to that of a bank hiring guards to protect its own vault, and therefore this court concludes that Meehan does not furnish guards "for hire or reward."
Construing § 5-5.1-2(a)(1) to exclude businesses which themselves use guards as part of their activities comports with the intent of the Legislature as embodied in the Private Security Guard Act of 1987 as a whole. That statute was not intended to regulate businesses which provide their own internal security. It was intended, rather, to regulate businesses which provide security to other businesses for monetary reward.
For the reasons hereinabove set out, this court concludes that Meehan is not a "private security guard business" under §5-5.1-2(a)(1) and the decision of the Attorney General is reversed.
Counsel shall prepare an appropriate order for entry by this court within two weeks of the date of filing this decision.
[1] "Hire" and "reward" are nouns because they are used as objects of the preposition "for." A verb cannot be the object of a preposition.