**HOWARD UNION OF TEACHERS et al.**

v.

**STATE of Rhode Island.**

**No. 82–195–M.P.**

Supreme Court of Rhode Island.

July 5, 1984.

Richard A. Skolnik, Providence, for petitioner.

John J. Turano, Westerly (Legal Counsel/Dept. of Labor Relations), for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This matter is before us on a petition for certiorari from a decision of the Board of Regents for Education denying the request of the petitioner for higher placement on the teachers' salary schedule pursuant to G.L.1956 (1981 Reenactment) § 16–7–29.

The facts are not in dispute. The petitioner is the sole bargaining agent for teachers who are certified by the Rhode Island Department of Education to teach in state institutions and public schools in Rhode Island. The petitioner brought this action on behalf of several teachers,[1] alleging that they were inappropriately placed on the salary schedule at the time they were hired.

Six of the original teachers had prior teaching experience in various state schools in Rhode Island. The remaining teachers had prior teaching experience in public schools outside the state and/or private schools both in and outside Rhode Island.

The petitioner submitted a request for adjustment of salaries to the State of Rhode Island pursuant to § 16–7–29, which was denied. Thereafter, petitioner appealed to the commissioner of education. The commissioner concluded that

"§ 16–7–29 requires a community to recognize prior teaching service in the public schools in the cities and towns of this state *outside* that community as well as *in* that community in placing a teacher on its salary schedule. * * * [P]ursuant to the provisions of § 16–12–8, * * * the State is required to recognize prior teaching service in the public schools in the cities and towns of this state in placing a teacher in a State school on its salary schedule."

---

1. The parties to the original action were Carolyn Lepore, Lorene Scambio, John Spaziano, Linda Greene, Joyce Remington, Susan Moran, Susan Mastrati, Thomas Thurber, Jr., Regina Toomey, Debra Sullivan, Nancy Antosh, C. Donald Tamelleo, and Laurel Scorpio.

The commissioner, however, did not conclude that credit must be given for private-school and out-of-state public-school teaching experience. The petitioner subsequently appealed to the Board of Regents on behalf of those teachers whose prior experience consisted of teaching in private schools and public schools outside Rhode Island. The Board of Regents affirmed the commissioner's decision.

This court is confronted with the following issues pursuant to our issuance of the writ: (1) whether § 16–7–29 includes prior teaching experience in both private schools and out-of-state public schools in determining the placement of a teacher on the salary schedule; and (2) whether in construing § 16–7–29 the terms "experience" and "training" must be given their statutory definition rather than their ordinary meaning.

I

The petitioner contends that in construing § 16–7–29, we must look not only to § 16–16–1 but also to other provisions of chapter 16, particularly §§ 16–16–6 and –6.1.

■■■■ It is the function and duty of this court to construe statutes. *Bassett v. DeRentis*, R.I., 446 A.2d 763, 764 (1982). In construing a statute, we adhere to the basic proposition of establishing and effectuating the intent of the Legislature. *Gott v. Norberg*, R.I., 417 A.2d 1352, 1356 (1980). This is accomplished from an examination of the language, nature, and object of the statute. *Berthiaume v. School Committee of Woonsocket*, 121 R.I. 243, 247, 397 A.2d 889, 892 (1979). Additionally, we must give to the words in a statute their plain and ordinary meaning, unless a contrary interpretation is apparent. *Brier Manufacturing Co. v. Norberg*, 119 R.I. 317, 322, 377 A.2d 345, 348 (1977).

General Laws 1956 (1981 Reenactment) § 16–7–29 provides in relevant part:

"[E]very community shall have established and put into full effect by appropriate action of its school committee a salary schedule recognizing *years of service, experience, and training * * * for all certified personnel regularly employed* in the public schools * * *." (Emphasis added.)

Section 16–7–29 falls within chapter 7 of title 16 of the General Laws, entitled "Foundation Level School Support." Section 16–7–16 of this chapter mandates the definition of terms applicable to §§ 16–7–15 through 16–7–34.

The terms "certified personnel," "regularly employed" and "service" are defined in § 16–7–16, as amended by P.L.1983, ch. 134, § 1 as follows:

"(g) 'Certified personnel' shall mean all persons who are required to hold certificates issued by or under the authority of the state board of education;

"(h) 'Regularly employed' and 'service' as applied to certified personnel shall have the same meaning as defined in chapter 16 of this title."

Looking to the definition of terms for chapter 16, the terms "teacher," "service," "prior service," and "total service" are defined in § 16–16–1, as amended by P.L. 1983, ch. 217, § 1 as follows:

"(2) 'Teacher' shall mean a person required to hold a certificate of qualification issued by or under the authority of the board of education and who is engaged in teaching as his principal occupation and is regularly employed as a teacher in the public schools of any city or town in the state, or any formalized, commissioner approved, cooperative service arrangement.

"(4) 'Service' shall mean service as a teacher as described in subdivision (2) of this section.

"(5) 'Prior service' shall mean service as a teacher rendered prior to the first day of July, 1949, certified on his prior service certificate and allowable as prior service under the provisions of this chapter.

"(6) 'Total service' shall mean prior service as defined in subdivision (5) of this

section, plus service rendered as a member of the system on or after the first day of July, 1949."

Section 16–7–29 mandates that a community recognize years of service, experience, and training. The statute does not expressly indicate, however, whether this recognition includes experience in private schools and out-of-state public schools in determining a teacher's initial placement on the salary schedule. Because what is included is not expressly stated, it is incumbent upon us to determine the intent of the Legislature. In ascertaining this intent, we must give the words their statutory meaning.

■ The definition of terms for § 16–7–29 states the precise meaning of some of the statutory language. These definitions provide that the word "service * * * shall have the same meaning *as defined* in chapter 16." (Emphasis added.) In construing the word "service," we look to the definition of terms provided in the chapter rather than to the other more particularized provisions of chapter 16. Giving the words "as defined in chapter 16" their plain and ordinary meaning, we conclude that the definition of terms of § 16–16–1 should provide the meaning of the word "service."

The petitioner urges that we look instead to the provisions of §§ 16–16–6 and –6.1, which provide that for the purposes of retirement pensions, credit may be given for both private school teaching and out-of-state public school teaching. The language in these sections is permissive, allowing the cities and towns the option of crediting prior outside teaching experience. Furthermore, these sections specifically state that credit is to be given "for the purposes of retirement" contributions. The statutory language itself limits the applicability of these sections to the specific area of retirement pensions. In view of this limitation, we find that the more specific provisions of §§ 16–16–6 and –6.1 are inapplicable to the determination of a teacher's placement on the salary schedule. Moreover, § 16–16–1 provides that the definitions furnished in

the "definition of terms" are to be used for the entire chapter, unless a contrary intention appears. We, therefore, are of the opinion that § 16–7–29 includes only teaching experience and training in public schools within the state in determining a teacher's placement on the salary schedule.

## II

■ The petitioner additionally asserts that in construing § 16–7–29, the terms "experience" and "training" must be expressly defined. The petitioner contends that in construing § 16–7–29, the commissioner considered only the statutory definition of the term "service" and failed to consider the ordinary and everyday meaning of the words "experience" and "training." The petitioner contends that in construing these words we should apply their plain and ordinary meaning, and therefore conclude that it was the intent of the Legislature to credit both in-state and out-of-state public and private-school teaching experience in determining salary placement. We find petitioner's contention to be without merit. In construing this statute we are guided by two principles. We first recognize that the meaning of a word or words in a statute can become clear by reference to other words in the statute. *Berthiaume v. School Committee of Woonsocket,* 121 R.I. at 249, 397 A.2d at 893. Applying this principle, we define the words "experience" and "training" with reference to the term "service." Having concluded that "service" includes only teaching experience in public institutions in Rhode Island, we similarly construe the words "experience" and "training" to reach a consistent result. We further reiterate that the primary object in construing statutes is to ascertain and give effect to the intent of the Legislature. *Vaudreuil v. Nelson Engineering and Construction Co.,* 121 R.I. 418, 420, 399 A.2d 1220, 1222 (1979); *Kingsley v. Miller,* 120 R.I. 372, 376, 388 A.2d 357, 360 (1978). Our reading of the statute convinces us that the statutory meaning intended by the Legislature in

enacting § 16–7–29 is to give credit in salary placement only for prior teaching in public institutions in Rhode Island.

The petition for certiorari is denied and dismissed, the writ improvidently issued, is quashed, and the papers certified to us are to be returned to the Board of Regents for Education with our decision endorsed thereon.