Anthony CARDARELLI

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING, BOARD OF REVIEW.**

No. 93–698–M.P.

Supreme Court of Rhode Island.

April 22, 1996.

Neil R. Steingold, Providence, for Plaintiff.

Valentino D. Lombardi, William G. Brody, Providence, for Defendant.

## OPINION

MURRAY, Justice.

This case came before us on the petition for certiorari of the defendant, the Department of Employment and Training (DET) Board of Review. The District Court below reversed the decision of the board of review (the board) regarding the plaintiff's unemployment benefits. The board had affirmed the DET's decision which disqualified the plaintiff from receiving unemployment benefits pursuant to G.L.1956 § 28–44–19.1. We quash the judgment of the District Court.

The facts of this case are not in dispute. On November 20, 1992, plaintiff, Anthony Cardarelli (Cardarelli), was laid off from his position at Ocean State Lawn Sprinkler, Inc. The plaintiff subsequently applied for unemployment benefits. The DET determined that plaintiff's unemployment-benefit rate was $294 per week and that his private pension amount was $332 per week. Because plaintiff's weekly private pension exceeded his weekly unemployment-benefit amount,

the DET determined that plaintiff was not entitled to any unemployment benefits pursuant to the pension-reduction provisions set forth in § 28–44–19.1. The plaintiff appealed this decision to a referee for the board.

The referee decided that DET appropriately applied § 28–44–19.1 and affirmed DET's determinations. The plaintiff next appealed to the full panel of the board, which affirmed the referee's decision. The plaintiff thereafter appealed to the District Court. On November 29, 1993, a District Court judge reversed the decision of the board. In her decision, the District Court judge stated that the relevant federal legislation, namely, the Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3304(a)(15), "originally required a dollar for dollar offset, but was later amended to allow a less than 100% set off if an individual contributed to the retirement benefits." The district court judge found that "[a]lthough [plaintiff] did not make any direct, out-of-pocket contribution, he contributed [to the pension] in that other benefits were given up to obtain the pension." On the basis of this finding, the District Court concluded that plaintiff was "entitled to a less than 100% set-off of pension benefits against unemployment benefits" and therefore remanded the matter for consideration of the appropriate setoff. The board then petitioned this court for a writ of certiorari, which was granted on December 8, 1994.

■ The issue to be determined in this case is a matter of first impression in this court. The scope of this court's review on writ of certiorari is limited to a review of the record to determine whether any competent evidence supported the lower court's decision or whether the lower court made any errors of law in that decision. *Rhode Island Department of Mental Health, Retardation, and Hospitals v. Doe*, 533 A.2d 536, 539 (R.I.1987); *Almstead v. Department of Employment Security, Board of Review*, 478 A.2d 980, 982–83 (R.I.1984). At the outset we begin our discussion by reviewing the applicable federal and state statutes.

The FUTA requires, as a condition for granting federal unemployment-tax credits to employers in each state, that the state unem-

ployment-compensation law conform to certain minimal federal requirements. *See* 26 U.S.C. § 3304(a). Among the federal requirements with which states must comply is the pension offset requirement set forth in 26 U.S.C. § 3304(a)(15), as amended in 1980. As amended, 26 U.S.C. § 3304(a)(15) requires the states to reduce the amount of a claimant's unemployment compensation only in certain situations wherein the

> "pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined by applicable law) * * * ." 26 U.S.C. § 3304(a)(15)(A)(i).

Moreover, 26 U.S.C. § 3304(a)(15)(B) allows the states to reduce any pension offset by the amount of the individual's pension contribution. The 1980 amendment to FUTA effectively relaxed the earlier federal requirement of a dollar-for-dollar offset of pension benefits against unemployment benefits. *See Inman v. Board of Review, Department of Employment and Training,* 638 A.2d 543, 544 (R.I.1994).

In 1979, prior to the 1980 amendment of FUTA, the Rhode Island Legislature enacted § 28–44–19.1 to comply with the requirements set forth in FUTA. In that statute the Legislature specifically stated that "[i]f at any time following May 3, 1979 * * * any provision [of the Rhode Island statute] shall not be required by federal law * * * then * * * the provision thereof no longer required shall have no force or effect." Section 28–44–19.1(2). Pursuant to § 28–44–19.1(2), the 1980 amendment of FUTA, which no longer required a full dollar-for-dollar offset, automatically took effect in the State of Rhode Island. *See Inman,* 638 A.2d at 544. Therefore, in the instant case, the District Court correctly determined that the State of Rhode Island may now consider a claimant's contribution to his or her particular retirement fund when determining whether an offset against unemployment benefits should occur.[1]

However, the board argues that the District Court erred in "determining that employee contributions pursuant to [26 U.S.C. §] 3304(a)(15)(B) of the Federal Unemployment Tax Act (FUTA) refer to other than monetary contributions made by the employee." Specifically the District Court judge determined that an employee's contribution to a pension plan may include nonmonetary benefits such as "pay increases, improved health coverage, [and] extra vacation days." The plaintiff argues that contributions to a pension fund may include nonmonetary as well as monetary contributions. Hence, the issue to be resolved in the instant case is whether "contributions to a pension fund" include nonmonetary benefits within the meaning of FUTA, 26 U.S.C. § 3304(a)(15)(B).

In construing a statute, we have stated that "our task is to establish and effectuate the intent of the Legislature." *Rhode Island State Labor Relations Board v. Valley Falls Fire District,* 505 A.2d 1170, 1171 (R.I.1986) (citing *Howard Union of Teachers v. State,* 478 A.2d 563 (R.I.1984)). We determine such intent from an examination of " 'the language, nature and object of the statute.' " *D'Ambra v. North Providence School Committee,* 601 A.2d 1370, 1374 (R.I. 1992). "Absent a contrary intent the words in the statute must be given their plain and ordinary meaning. * * * Furthermore in construing the statute, we must adopt a construction that does not effect an absurd result." *Id.; see also Bank of New York v. Hoyt,* 617 F.Supp. 1304 (D.R.I.1985).

Here, 26 U.S.C. § 3304(a)(15)(B) provides that "the State law may provide for limitations on the amount of any * * * reduction to take into account *contributions made by the individual for the pension,* retirement or retired pay, annuity, or other similar periodic payment." (Emphasis added.) In applying the above-mentioned canons of statutory construction, we are of the opinion that the

---

1. *Although G.L.1956 § 28–44–19.1(1), as amended by P.L.1993, ch. 298, § 1, expressly requires a 50 percent offset of applicable pension benefits against a claimant's unemployment, this amendment does not apply to the instant case. The*

DET has conceded that the relevant section of the statute was amended subsequent to the filing of this case. Therefore, we do not reach any consideration of that portion of the record that deals with the 50 percent offset.

Legislature intended "contributions made by an individual for the pension" to include monetary contributions only.

 We note that 26 U.S.C. § 3304(a)(15) refers to contributions in two instances. *See In re Advisory Opinion to the Governor,* 504 A.2d 456, 462 (R.I.1986) (quoting *Howard Union of Teachers v. State,* 478 A.2d 563, 566 (R.I.1984)("the meaning of a word or words in a statute can become clear by reference to other words in the statute")). In the first instance, 26 U.S.C. § 3304(a)(15)(A) provides that an employer may "contribute[ ] to" an employee's pension fund on behalf of the employee. These contributions are generally considered monetary in nature. In the second instance, 26 U.S.C. § 3304(a)(15)(B) refers to "contributions" as "contributions made by the individual for the pension." We are not persuaded by plaintiff's contention that the Legislature intended the meaning of the word "contributions" in § 3304(a)(15)(B) to include nonmonetary as well as monetary contributions. Such a construction would be inconsistent with the obvious meaning of the phrase "contributed to" found in § 3304(a)(15)(A). Therefore, mindful of our settled rule that we "will not interpret legislative enactments in a manner that renders them nugatory or that would produce an unreasonable result," *Defenders of Animals, Inc. v. Department of Environmental Management,* 553 A.2d 541, 544 (R.I.1989), we conclude that Congress intended 26 U.S.C. § 3304(a)(15)(B) to take into account those individuals who furnish money for their pension and that nonmonetary contributions to a pension fund should not be considered when determining an offset against an individual's unemployment compensation.

■ The record before us yields no evidence to show that the employee contributed to his pension fund in any way. The plaintiff's pension plan was a result of a collective-bargaining agreement between his union and a former employer. In the instant case, as the trial judge noted, the plaintiff did not make any direct, out-of-pocket contribution to his pension plan. The trial judge stated that "[a] worker who gives up other items, such as pay increases, improved health coverage, extra vacation days, can be deemed to have contributed to a pension." We find that there was no direct evidence in the record to show that the plaintiff did in fact contribute to his pension fund. Given the lack of evidence, we are of the opinion that the trial judge erroneously concluded that the plaintiff had "contributed [to his pension] in that other benefits were given up to obtain the pension."

Accordingly, we reverse the District Court's judgment insofar as it determined that the plaintiff has made contributions to his pension fund within the meaning of 26 U.S.C. § 3304(a)(15)(B).

For the foregoing reasons the petition for certiorari is granted, and the judgment of the trial judge is quashed. The case is remanded to District Court with our decision endorsed thereon, with directions to enter judgment affirming the board's decision which disqualified the plaintiff from receiving unemployment benefits pursuant to § 28–44–19.1.

FLANDERS, J., did not participate.