Ann BROUILLETTE

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING BOARD OF REVIEW.**

No. 94–687–M.P.

Supreme Court of Rhode Island.

June 14, 1996.

John W. Dineen, Providence, for Plaintiff.

Steven M. Rossi, Attleboro, MA, for Defendant.

**OPINION**

MURRAY, Justice.

This case came before us on the petition for certiorari of the Department of Employment and Training (DET) Board of Review. The District Court reversed the decision of the board of review (the board) regarding the plaintiff's unemployment benefits. The board had affirmed the DET's decision which disqualified plaintiff, Ann Brouillette (Brouillette), from receiving unemployment benefits pursuant to G.L.1956 § 28–44–68. After reviewing the record before us, we affirm the District Court's order.

The facts of this case are not in dispute. Between 1990 and 1992, Brouillette was employed as a full-time teacher in East Providence, Rhode Island. In the summer of 1992 she was laid off from her employment with the East Providence school system. Soon

thereafter, Brouillette began collecting unemployment benefits.

In the fall of 1992 and in the spring of 1993, Brouillette obtained work as a per-diem substitute teacher for the local school systems in Barrington and in East Providence. Brouillette continued to receive unemployment benefits, which were offset by the amount she earned as a per-diem substitute teacher pursuant to § 28–44–7.

During the 1992–1993 school year, Brouillette worked approximately fifty-five and a half days for the East Providence school system as a per-diem substitute teacher.[1] On December 31, 1992, Brouillette filed a claim for additional benefits based on the lack of work during the Christmas break. On January 15, 1993, the director of the DET denied Brouillette's claim for additional benefits.

On February 25, 1993, a referee for the board affirmed the DET's determination. The referee found that "[Brouillette] was a per diem sub prior to the close of the * * * school system for Christmas vacation and that she had reasonable assurance to continue in the same capacity subsequent to the school's reopening on January 4, 1993." Therefore, relying on § 28–44–68, the referee denied Brouillette's claim for additional benefits and disqualified her from receiving any prior unemployment benefits during the 1992 Christmas vacation. The board affirmed the referee's decision on March 19, 1993, and a complaint for judicial review was subsequently filed on April 16, 1993.

On June 21, 1993, Brouillette filed additional claims for unemployment benefits based on the lack of work during the 1993 summer vacation: one claim pertained to her employment with the East Providence school system and the other pertained to her employment with the Barrington school system. On June 30, 1993, the director of the DET denied both claims.

On August 30, 1993, a hearing was held before a referee regarding Brouillette's employment with the East Providence school system. The referee found that

"[Brouillette] was employed as a per diem substitute teacher for the East Providence School Department during the 1992/1993 school year. [Brouillette] worked 55 and one half days. [Brouillette's] name remains on the list for per diem substitute teachers for the East Providence School Department for the 1993/1994 academic year.

"I find [Brouillette had] reasonable assurance of performing services for the East Providence School Department in the 1993/1994 academic year. [Brouillette's] name remains on the [list] of substitute teachers for the school department."

The referee therefore disqualified Brouillette from receiving *any* unemployment benefits during the 1993 summer vacation pursuant to § 28–44–68. Subsequently, on September 10, 1993, the referee upheld the denial of Brouillette's claim regarding her lack of employment with the Barrington school system during the 1993 summer vacation. On September 22, 1993, the board affirmed the referee's decisions. A complaint for judicial review was filed on October 6, 1993.

A master was thereafter appointed to consider Brouillette's appeal regarding her claims for additional benefits during both the 1992 Christmas vacation and the 1993 summer vacation. In a report issued on October 31, 1994, the master found that the board had erred in disqualifying Brouillette from receiving prior unemployment benefits, which were reduced by the amount she had earned as a per-diem substitute teacher pursuant to § 28–44–7, during the school vacations at issue. Although the board was correct in denying Brouillette's claim for additional benefits during school vacations pursuant to § 28–44–68, the master found that § 28–44–68 does not preclude her from receiving previously awarded unemployment benefits. The master therefore recommended that "the complete disqualifications for school vacation weeks ordered in th[is]

---

1. There is nothing in the record to specify the number of days she worked for the Barrington school system.

case[ ] * * * which had the effect of depriving th[is] claimant[ ] of [her] prior benefits, must be reversed as overbroad and without basis in law."

On October 31, 1994, the District Court judge entered an order adopting the findings and recommendations of the master. In accordance with the master's report, the board's decisions denying Brouillette's claims were reversed in part and affirmed in part. The board subsequently filed a petition for certiorari with this court. The petition was granted on February 2, 1995.

■ In reviewing an administrative agency's decision, the District Court shall not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Laws 1956 § 42–35–15(g). *See also Newport Shipyard, Inc. v. Rhode Island Commission for Human Rights,* 484 A.2d 893, 896 (R.I.1984). On certiorari to this court, the scope of review is limited to a review of the record as a whole to determine whether any competent evidence supported the lower court's decision or whether the lower court made any error of law in that decision. *Rhode Island Department of Mental Health, Retardation, and Hospitals v. Doe,* 533 A.2d 536, 539 (R.I. 1987); *Almstead v. Department of Employment Security, Board of Review,* 478 A.2d 980, 982–83 (R.I.1984).

■ In the present case neither party disputes the denial of Brouillette's claim for additional benefits during school vacations. The board, however, argues that once Brouillette accepted employment as a per-diem substitute teacher, the provisions of § 28–44–68 superseded all other provisions of the employment-security laws. As a result, the board argues, Brouillette was prohibited from receiving any unemployment benefits, including those benefits she had been receiving pursuant to § 28–44–7 during school vacations. After careful consideration of the relevant statute and case law applicable to the instant case, we disagree with the board's contentions.

■ In construing a statute, we have stated that "our task is to establish and effectuate the intent of the Legislature."

*Rhode Island State Labor Relations Board v. Valley Falls Fire District,* 505 A.2d 1170, 1171 (R.I.1986) (citing *Howard Union of Teachers v. State,* 478 A.2d 563 (R.I.1984)). We determine such intent from an examination of the "'language, nature and object of the statute.'" *D'Ambra v. North Providence School Committee,* 601 A.2d 1370, 1374 (R.I. 1992). "Absent a contrary intent the words in the statute must be given their plain and ordinary meaning. * * * Furthermore in construing the statute, we must adopt a construction that does not effect an absurd result." *Id.*

Applying the above principles of statutory interpretation to the instant case, we are of the opinion that precluding an individual from receiving previously awarded benefits once he or she has obtained part-time employment in an educational institution would be contrary to the intent of § 28–44–68, as well as the intent of the employment security laws as a whole. *See* § 28–42–2 (the purpose of the employment security laws is "to lighten the burden which now falls upon the unemployed worker and his or her family").

Section 28–44–68 provides in pertinent part:

"Benefits based on service in employment for nonprofit organizations and educational institutions and governmental entities covered by chapters 42—44 of this title shall be payable in the same amounts on the same terms and subject to the same conditions as benefits payable on the basis of other services subject to chapters 42—44 of this title, except that:

(1) With respect to services in any other capacity for an educational institution * * * compensation payable for weeks of unemployment beginning on or after April 1, 1984 on the basis of the services shall be denied to any individual for any week which commences during a period between two (2) successive academic years or terms if that individual performs those services in the first of those academic years or terms and there is a reasonable assurance that the individual will perform those services in the second of those academic years or terms * * *.

(2) With respect to any services described in subdivision (1), compensation payable for weeks of unemployment beginning on or after April 1, 1984 on the basis of those services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if that individual performs those services in the period immediately before that vacation period or holiday recess, and there is a reasonable assurance that the individual will perform those services in the period immediately following that vacation period or holiday recess."

We have stated that the intended purpose of § 28–44–68 is "to preclude the payment of benefits to school employees who, during holidays and summer recesses, are unemployed but who, because they can plan for those occasional periods of unemployment, are not truly experiencing the suffering our employment-security law was intended to alleviate." *Preziosi v. Department of Employment Security, Board of Review,* 529 A.2d 133, 138 (R.I.1987). Clearly, § 28–44–68 does not apply to those individuals already collecting unemployment benefits because of their separation from prior full-time positions. These individuals, unlike those school employees described in *Preziosi,* have already been deemed eligible for benefits by the DET and are truly suffering from the burdens of unemployment as contemplated by our employment-security laws. Accordingly, we are of the opinion that when, as here, a claimant has been receiving unemployment benefits as a result of his or her separation from prior full-time work, that claimant's prior benefits are not subject to the disqualification set forth in § 28–44–68.

In the present case Brouillette had been receiving unemployment benefits prior to her work as a per-diem substitute teacher. Once she commenced her part-time employment, Brouillette's unemployment benefits were reduced, pursuant to § 28–44–7,[2] by the amount of pay she received as a per-diem substitute teacher. As indicated earlier,

even though § 28–44–68 serves to preclude Brouillette from receiving additional benefits, it does not preclude her from receiving previously awarded benefits during the school vacations at issue. Accordingly, we are of the opinion that Brouillette is entitled to unemployment benefits previously awarded to her during school-vacation weeks as well as regular-school weeks, provided that such benefits are properly reduced by the amount she earned as a per-diem substitute teacher pursuant to § 28–44–7.

For the foregoing reasons we affirm the District Court's decision. We are persuaded that the allegations of error of the District Court are without merit. The petition for certiorari is denied, and the writ heretofore issued is quashed. The papers of this case are remanded to the District Court.

---

2. General Laws 1956 § 28–44–7 provides that "an individual partially unemployed and eligible in any week shall be paid sufficient benefits with respect to that week, so that his [or her] week's wages * * * and his or her benefits combined will equal in amount the weekly benefit rate to which he or she would be entitled if totally unemployed in that week."