Donald TINNEY

v.

Kevin TINNEY, a/k/a Kevin Jacob Koellisch et al.

No. 2001–51–Appeal.

Supreme Court of Rhode Island.

May 20, 2002.

See also 770 A.2d 420.

Keith B. Kyle, Providence, for Plaintiff.

Richard P. D'Addario, B. Mitchell Simpson, III, Newport, for Defendant.

Present: LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

In this case, the latest chapter in the bizarre saga of Belcourt Castle, a once majestic Newport mansion, we are called upon to determine whether Kevin Tinney, a/k/a Kevin Jacob Koellisch, is entitled pursuant to G.L.1956 § 33–1–10 to share in the intestate distribution of his adoptive and now deceased mother's personal estate. The case comes to us on an appeal from a Superior Court final judgment declaring that he is entitled to do so.

### Facts and Travel

The facts in this matter are undisputed and aptly summarized in our opinion in *Tinney v. Tinney*, 770 A.2d 420 (R.I.2001). For purposes of this appeal, on October 11, 1990, Ruth E. Tinney, who was then eighty-four years old, adopted the defendant Kevin, who was thirty-eight years old, in an adult adoption proceeding in Newport Probate Court. On December 18, 1995, Ruth died intestate. On July 6, 1999, Kevin filed a petition to probate Ruth's personal estate in the Newport Probate Court. In his petition, he listed two heirs at law as sons of the decedent, himself and Ruth's biological son, Donald Tinney. Kevin claimed a one-half ownership interest in Ruth's personal estate pursuant to § 33–1–10. B. Mitchell Simpson was duly appointed and qualified as the administrator of Ruth's estate. Thereafter, on May 1, 2000, the plaintiff Donald filed this action seeking a declaratory judgment that Kevin, as an adopted adult, was not entitled to intestate inheritance.

**236**

Kevin and the administrator of Ruth's estate were named as party defendants.[1]

On September 27, 2000, Donald filed a motion for summary judgment, and on October 20, 2000, Kevin filed a cross-motion seeking summary judgment. The motions were heard on November 6, 2000. Donald contended that G.L.1956 § 15-7-16(a) gives only a minor child, not an adopted adult, the right of intestate inheritance. He argued that it was significant that the Legislature used the term "child" in enacting § 15-7-16(a) as opposed to using the word "persons" in describing potential adoptees as provided by § 15-7-4(d). Donald claimed it was natural that the Legislature used the word "child" instead of "persons" because the primary purpose of the adoption statute was intended to "promote the welfare of children, not adults, by securing to them the benefits of a home and parental care."

Kevin, on the other hand, contended that the Legislature, in enacting our adoption statute, never intended to distinguish between children adopted during their minority and those adopted as adults.

On December 4, 2000, the Superior Court hearing justice denied Donald's motion for summary judgment and granted Kevin's cross-motion for summary judgment. The hearing justice concluded that the Legislature's use of the word "child" in § 15-7-16 was not intended to restrict its meaning only to a child under the age of majority, but "in fact means the son or daughter of a parent, regardless of age." An order and judgment granting summary judgment in favor of Kevin was entered on December 14, 2000, and Donald timely appealed.

**Analysis**

Whether an adopted adult has the right to inherit under the laws of intestate succession from a deceased adoptive parent is an issue of first impression in Rhode Island and requires an examination of the relevant statutes.

Section 15-7-16(a) provides for inheritance by adopted children and states in relevant part:

"A child lawfully adopted shall be deemed, for the purpose of inheritance by the child and his or her descendants from the parents by adoption * * * the child of the parents by adoption the same as if he or she had been born to them in lawful wedlock."

■ Donald argues that § 15-7-16(a) does not include adult adoptees because it specifically refers only to a "child." By contrast, § 15-7-4(d), which permits the adoption of adults, provides that "[p]etitions for adoptions of persons eighteen (18) years or older shall be heard by the probate court of the city or town in which the petitioners live." He maintains that had the Legislature intended to include adult adoptees as eligible for inheritance pursuant to § 15-7-16(a), it would have described adoptees as "persons" as it did in § 15-7-4(d). Donald asserts that the Legislature, by not amending the statute, did not intend to give an adopted adult the same rights as an adopted "child."

Kevin argues that an adopted adult has the same rights as an adopted minor child, and accordingly maintains that the hearing justice correctly granted summary judgment.

■ "In construing a statute, this Court's primary 'task is to establish and effectuate the intent of the Legislature.' "

---

1. The administrator did not file any motions supporting or opposing the motions for summary judgment.

*R & R Associates v. City of Providence Water Supply Board,* 765 A.2d 432, 436 (R.I.2001) (quoting *Cardarelli v. DET Board of Review,* 674 A.2d 398, 400 (R.I. 1996)). "This intent is gleaned from a careful examination of the 'language, nature and object of the statute.' " *Id.* at 436 (quoting *Brouillette v. DET Board of Review,* 677 A.2d 1344, 1346 (R.I.1996)). This Court repeatedly has stated that "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Mottola v. Cirello,* 789 A.2d 421, 423 (R.I.2002) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I.1996)).

■ Adoption was not recognized at common law, and our statutes permitting adoption "create[ ] a status and relationship unknown to the common law." *Batcheller–Durkee v. Batcheller,* 39 R.I. 45, 49, 97 A. 378, 379 (1916). This Court has held that adopted children "are deemed to be heirs of their adoptive parents, as if they were their natural children." *In re Lisa Diane G.,* 537 A.2d 131, 132 (R.I. 1988) (citing *In re Adoption of a Minor Child,* 109 R.I. 443, 450, 287 A.2d 115, 118–19 (1972)). This Court has also held that "such * * * statutes as are intended to integrate adopted children into family units and thus promote the public interest in the preservation of the family are to be liberally construed in favor of the adopted child." *Prince v. Nugent,* 93 R.I. 149, 168, 172 A.2d 743, 754 (1961).

Upon reviewing the statutory history of adoption in Rhode Island, it is clear that "child" means the son or daughter of a parent, regardless of age. For example, the adoption statute of 1923 provided that "[a]ny person may petition the municipal court or probate court for leave to adopt as his child any person younger than himself"

and allowed the same rights of inheritance for that "child so adopted." G.L.1923, ch. 288, §§ 1, 6. More than twenty years later, in 1944, the Legislature established the Juvenile Court with jurisdiction "[c]oncerning adoption of children." P.L.1944, ch. 1441, § 14. In doing so, the Legislature amended G.L. 1938, ch. 420 by stating: "1. In all cases involving persons under eighteen years of age, such term shall mean the juvenile court. 2. In all cases involving persons eighteen years of age or older, such term shall mean the probate court of the city or town in which the petitioner resides." P.L.1944, ch. 1441, § 36B. Thus, jurisdiction over the adoption of those under eighteen years of age was vested in the Juvenile Court, and the adoption of those over eighteen years old was vested in the Probate Court. Significantly, the Legislature made no distinction between the rights of those adopted as minors and those adopted over the age of eighteen.

When the Juvenile Court was abolished and replaced by the creation of our present Family Court, P.L.1961, ch. 73, § 14, exclusive jurisdiction over adoption of children under the age of eighteen was vested in that Court, and the adoption of persons over eighteen remained in the exclusive jurisdiction of the Probate Court. Throughout the years and various statutory changes since then, the Legislature has never enacted any provision noting any distinction between the inheritance rights granted to an adopted person, whether child or adult.

We conclude that the language of § 15–7–16(a) is clear and unambiguous, and therefore we must give the words of the statute their plain and ordinary meaning. It is clear that the Legislature intended the term "child" to mean son or daughter of a parent, regardless of age, and that there was no distinction intended between

the inheritance rights of a "child" adopted as a minor and "persons" adopted as adults.

## Conclusion

For the reasons above stated, the plaintiff's appeal is denied and dismissed. The order granting summary judgment in favor of the defendant is affirmed. The papers of this case are to be returned to the Superior Court.

Chief Justice WILLIAMS did not participate.